## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH BASTA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| M&T BANK CORPORATION | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff, Joseph Basta, ("Plaintiff"), files this action against M&T Bank Corporation, ("Defendant" or "M&T") for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of the Family Medical Leave Act, violations of the Americans with Disabilities Act of 1990, as amended, violations of the Age Discrimination in Employment Protections Act and violations of the Delaware Family Responsibilities Act, 19 *Del. C.* § 711 (k)(1).

## JURISDICTION

2.      This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S. Code § 1331.

3.      This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

5.      Plaintiff is a resident of Pennsylvania, who at all times relevant to this Complaint, was an employee of Defendant M&T.

6.      Defendant M&T is located at 287 Christiana Rd, Suite 16, New Castle, DE 19720, and its principal place of business is in Buffalo, New York.

## ADMINISTRATIVE PROCESS

7.      On October 1, 2021, Plaintiff received a Final Determination and Right to Sue Notice from the Delaware Department of Labor ("DDOL").

8.      On November 23, 2021, Plaintiff received a Dismissal and Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC").

9.      Plaintiff has filed this action within ninety (90) days after receipt of his Right to Sue Notices from the DDOL and EEOC.

10.     Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

11.     Plaintiff began his employment with Defendant on September 29, 2017, in the position of Systems Manager II.

12.     Plaintiff received high employment evaluations and countless commendations throughout his employment with Defendant.

13.     Plaintiff was recognized as one of the top 1% of the 400 plus Information Technology ("IT") staff, which resulted in progressive increases and role responsibilities throughout his tenure with Defendant.

14.     Plaintiff's contributions and leadership resulted in the creation of a new program for IT and M&T's Institutional Client Services business line.

15.     Plaintiff's work included identification, selection and training of new technology, training and adoption of a new agile scrum methodology, and a new team to recruit/onboard and develop new technical skills.

16.     Plaintiff's efforts were precursors to developing software for most of 2020. As a result, in or around May/June of 2019, Plaintiff was recruited by Mr. Glenn Force from another team within M&T to lead the new "Deal Management Platform" (DMP) program as the delivery manager for IT.

17.     In Q1 2020, Plaintiff received an "at expectations" year-end review, including a raise and a bonus and was told he needed to keep leading his team in making great advancements on the product of the DMP program.

18.     In June of 2020, Plaintiff took protected intermittent leave under the Family Medical Leave Act ("FMLA") due to his daughter's disabilities and serious health conditions.

19.     Plaintiff initially took intermittent leave which changed to continuous leave.

20.     While on FMLA leave, Mr. Force contacted Plaintiff several times for work.

21.     After taking protected FMLA leave, in June of 2020, Plaintiff received a written performance warning from Mr. Force.

22.     On August 17, 2020, while on FMLA leave, Mr. Force uploaded Plaintiff's mid-cycle review in the Human Resources System.

23.     Mr. Force gave Plaintiff a below expectations rating on this review, which was the first below expectations rating Plaintiff had ever received.

24.     On October 2, 2020, Plaintiff returned to work from his FMLA leave.

25.     Upon Plaintiff's return, he asked Mr. Force for clarification on his job duties and responsibilities.

26.     Mr. Force responded stating he took over Plaintiff's role and will continue to perform in Plaintiff's role until the end of Minimal Viable Product "MVP"-1.

27.     Mr. Force directed Plaintiff to focus solely on technical tasks, specifically design documents and plans for technical integrations. As a result, Plaintiff's job duties and responsibilities were significantly reduced and changed.

28.     In Mid-October of 2020, Mr. Force began formal one on one meetings with Plaintiff to discuss his performance.

29.     Mr. Force began to criticize Plaintiff's work performance.

30.     Mr. Force alleged Plaintiff was not accomplishing his tasks fast enough even though Plaintiff was working diligently on all of his tasks.

31.     Mr. Force repeatedly stated to Plaintiff he "highly doubts" he can achieve his work goals and it looks very bad for him.

32.     On November 12, 2020, Mr. Force stated to Plaintiff that he had two options: 1) to quit or 2) to be fired soon.

33.     On November 12, 2020, Plaintiff contacted Ms. Dhana Hannibal in Human Resources Employee Relations to report Mr. Force's discriminatory conduct and explicitly stated to her that he was being discriminated against by Mr. Force.

34.     Ms. Hannibal stated in response that it was not her responsibility to discuss Plaintiff's concerns with Mr. Force and that she was not a lawyer who could negotiate a deal with him.

35.     The next day, on November 13, 2020, Mr. Basta was terminated by Mr. Force under the pretext of performance issues.

36.     During Plaintiff's employment, Defendant additionally engaged in a practice of forcing out and terminating older, higher salaried employees within Plaintiff's department.

37.     Multiple employees within Plaintiff's department, including Plaintiff, who were over the age of forty, were forced out and terminated by Defendant.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
## Discrimination in Violation of the Americans with Disabilities Act of 1990 as amended

38.     The allegations of Paragraphs 1 through 37 are incorporated by reference as if fully restated herein.

39.     Defendant M&T has fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(5).

40.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 12111(4).

41.     Plaintiff received a Right to Sue letter from the EEOC on November 23, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

42.     It is unlawful for an employer to exclude or otherwise deny equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association. 42 U.S.C. § 12112 (b)(4).

43.     Defendant discriminated Plaintiff due to Plaintiff's relationship and association with his disabled daughter.

44.     As soon as Defendant became aware of Plaintiff's association with his disabled daughter, Defendant substantially reduced his job duties and ultimately terminated him.

45.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, as well as punitive damages and attorneys' fees.

### COUNT II
### Discrimination Based on Age in Violation of the
### Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

46.     The allegations of Paragraphs 1 through 45 are incorporated by reference as if fully restated herein.

47.     Defendant employs twenty or more employees and is an "Employer" as defined by 29 U.S.C. § 630.

48.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 29 U.S.C. § 630.

49.     Plaintiff received a Right to Sue letter from the EEOC on November 23, 2020.

50.     The Age Discrimination in Employment ("ADEA") prohibits employers from discriminating against "any individual…because of such individual's age." 29 U.S.C. § 623(a)(1).

51.     Defendant has engaged in a pattern and practice of forcing out and terminating older, higher salaried employees within Plaintiff's department.

52.     Multiple employees within Plaintiff's department, including Plaintiff, who were over the age of forty, were forced out and terminated by Defendant.

53.     Plaintiff is over forty years of age.

54.     Plaintiff was more than qualified for his position based upon his years of experience and performance levels.

55.     Plaintiff suffered an adverse action when his job duties were substantially reduced and again when he was terminated.

56.     Plaintiff's termination occurred under circumstances giving rise to an inference of age discrimination.

57.     Defendant's discrimination against Plaintiff because of his age constitutes an unlawful employment practice in violation of 29 U.S.C. § 630.

58.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

59.      Defendant has intentionally violated Plaintiff's rights under the ADEA, with malice or reckless indifference, and, as a result, is liable for punitive damages

## COUNT III
## Violations of the Family Medical Leave Act

60.     The allegations of Paragraphs 1 through 59 are incorporated by reference as if fully restated herein.

61.     Defendant employs fifty or more employees and is an "Employer" as defined by 29 U.S.C. § 2611 (4).

62.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Eligible Employee" as defined by 29 U.S.C. § 2611 (2).

63.     "Leave" under the Act shall be granted to a qualified employee to care for an employee's spouse, son, daughter, or parent who has a serious health condition.  29 U.S.C. § 2612.

64.     Qualified employees are permitted 12 weeks or 480 hours of leave. Further, this leave can be "intermittent" or "continuous." 29 U.S.C. §2612(b).

65.     Plaintiff lawfully exercised his rights and took leave under the Family Medical Leave Act.

66.     Upon return to work, the FMLA gives an eligible employee who takes leave the right to be restored by the employer to the position of employment held by the employee when the leave commenced, or an equivalent position.

67.     Upon Plaintiff's return from leave, his job duties and responsibilities significantly changed and he was not allowed to return to the position he held prior to his FMLA leave as his role within Defendant was substantially reduced upon his return.

68.     Under the FMLA, employers are legally prohibited from terminating or disciplining employees for taking leave under the FMLA.

69.     Defendant removed Plaintiff from his position and ultimately terminated him in retaliation for taking leave under the FMLA.

70.     Plaintiff's leave was a motivating and determinative factor in Defendant's decision to terminate Plaintiff.

71.     Defendant has, at all times herein, continuously and willfully, or with reckless disregard, violated, and continued to willfully, or with reckless disregard, violate the FMLA and applicable regulations.

<u>**COUNT IV**</u>
<u>**Violations of the Family Medical Leave Act**</u>
<u>**Interference with Right to Take Leave**</u>

72.     The allegations of Paragraphs 1 through 71 are incorporated by reference as if fully restated herein.

73.     It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C. § 2615(a).

74.     Defendant interfered with Plaintiff's right to take leave under the Family Medical Leave Act.

75.     Plaintiff was entitled to take leave under the Family Medical Leave Act.

76.     Plaintiff gave Defendant appropriate notice of his need for leave and subsequent absence from work under the Family Medical Leave Act.

77.     Defendant interfered with the exercise of Plaintiff's right to leave when Mr. Force contacted Plaintiff about work while he was out on leave.

78.     Defendant interfered with the exercise of Plaintiff's right to leave by refusing to allow Plaintiff to return to his job, or to an equivalent position, upon return from leave and by terminating Plaintiff.

## COUNT V
## Violations of  19 *Del. C.* § 711 Family Responsibilities

79.     The allegations of Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80.     Defendant employs four or more employees and is an "Employer" as defined by 19 *Del. C.* § 710(7.)

81.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 19 *Del. C.* § 710(6).

82.     Plaintiff received a Right to Sue Letter from the DDOL on October 1, 2021.

83.     Plaintiff has satisfied all statutory perquisites for filing this action.

84.     It shall be an unlawful employment practice for an employer to "to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's family responsibilities. 19 *Del. C.* § 711 (k)(1).

85.     "Family responsibilities" means the obligations of an employee to care for any family member who would qualify as a covered family member under the Family and Medical Leave Act. 19 *Del. C*. §711(9).

86.     Plaintiff required leave in June of 2020 to care for his daughter who suffered from serious medical conditions.

87.     Defendant was fully aware of Plaintiff's need for leave to care for his daughter.

88.     As soon as Plaintiff requested leave to care for his daughter, his job duties were substantially reduced and he was terminated.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A.   Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B.   Award Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C.   Award Plaintiff all compensation due as a result of Defendant's violations herein.

D.   Award Plaintiff an equal and additional amount as liquidated damages.

E.   Award Plaintiff costs and reasonable attorney's fees.

F.   Award Plaintiff pre and post judgment interest at the legal rate.

G.  Any and all such other relief as the Court deems appropriate under the circumstances.


**ALLEN AND ASSOCIATES**
_/s/ Michele D. Allen_
Michele D. Allen (#4359)
Emily A. Biffen (#6639)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
emily@allenlaborlaw.com
_Attorneys for Plaintiff_


Dated: December 29, 2021

11